# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-20107
Summary Calendar

**United States Court of Appeals
Fifth Circuit**

**F I L E D**
December 30, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL SANTOS-GUEVARA, also known as Samuel Reyes-Guevara, also known as Samuel Santos Guevara,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-397-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a stipulated bench trial, the district court found Samuel Santos-Guevara guilty of being an alien previously removed after conviction for an aggravated felony who was found in the United States without having obtained consent to reenter and sentenced him to 40 months in prison. Santos-Guevara appeals the district court's denial of his motion to dismiss the indictment as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred by the applicable five-year statute of limitations.   The Government concedes that the indictment was returned more that five years after Santos-Guevara was "found in" the United States and that the indictment is barred by the statute of limitations.

We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Gunera*, 479 F.3d 373, 376 (5th Cir. 2007). Prosecution under § 1326 for unlawful presence must be instituted by indictment returned or information filed within five years after the alien is found in the United States. *Id.*; 18 U.S.C. § 3282(a). "[A] previously deported alien is 'found in' the United States when his physical presence is discovered and noted by the immigration authorities, and the knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities, can reasonably be attributed to the immigration authorities." *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996).

A December 2003 letter from immigration authorities sent to Santos-Guevara under his alias shows that by that date immigration authorities had enough information, including an FBI fingerprint background check, to be reasonably attributed with knowledge of Santos-Guevara's illegal presence in the United States, despite any false, misleading, or missing information in Santos-Guevara's applications for temporary protected status.   Because knowledge of Santos-Guevara's illegal presence in the United States can reasonably be attributed to immigration authorities more than five years before the July 15, 2009, indictment was returned, the indictment was not timely. *See Santana-Castellano*, 74 F.3d at 598.  We REVERSE the denial of the motion to dismiss the indictment, VACATE Santos-Guevara's conviction and sentence, and DISMISS the indictment.